**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION – COLUMBUS**

| | | |
|---|---|---|
| **KRISTEN AIMUTIS-SMITH,** | : | **Case No.** |
| **3819 Shamrock Drive** | : | |
| **Columbus, Ohio 43227** | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CARE360 HOSPICE, LLC,** | : | **JURY DEMAND ENDORSED HEREON** |
| **c/o Sean Barry** | : | |
| **5641 Riverside Drive** | : | |
| **Dublin, Ohio 43017** | : | |
| | : | |
| **Defendant.** | : | |

**COMPLAINT**

Now comes Plaintiff Kristen Aimutis-Smith (hereafter "Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendant Care360 Hospice, LLC (hereafter "Defendant") states and avers as follows:

**THE PARTIES**

1.      Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, the Americans with Disabilities Act, 42 U.S.C. § 12111(4), and Ohio Title 4112.

2.      Defendant is an Ohio limited liability company with its principal place of business in Hilliard, Ohio. At all times alleged herein, Defendant was Plaintiff's employer as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, 42 U.S.C. § 12111(5), and Ohio Title 4112.

1

**JURISDICTION AND VENUE**

3.      Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331, 42 U.S.C. §2000e and 42 U.S.C. § 12101 *et seq.*. Supplemental jurisdiction over Plaintiff's state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5.      Plaintiff satisfied all pre-requisites for filing this lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the EEOC Notice is attached hereto as Exhibit A.

**FACTUAL ALLEGATIONS**

6.      Plaintiff incorporates the allegations in the preceding paragraphs as if fully rewritten herein.

7.      Defendant operates multiple hospice facilities in Columbus, Cincinnati, Dayton, and Toledo.

8.      Defendant hired Plaintiff in June 2024 as a Clinical Supervisor. Plaintiff's job was completely remote.

9.      Plaintiff is a female with a disability that affects her ability to stand for extended periods of time, lift certain weights, bend, twist, and walk for long periods of time.

10.      At the time Plaintiff was interviewed and subsequently hired, Plaintiff informed Defendant of her disability.

11.      In her position as a Clinical Supervisor, Plaintiff oversaw nurses on site at patients' home and multiple nursing facilities and advised on nursing issues.

2

12.     On July 18, 2025, Plaintiff was asked to switch her shift because Defendant wanted to hire another supervisor. Defendant requested Plaintiff permanently switch her shift to the overnight shift during the week. Plaintiff declined but offered to cover the weeknight call shifts if Defendant was short staffed.

13.     On July 22, 2025 Plaintiff received an email with a new job description for her position. The new position description included a lifting requirement that was excluded from her previous job duties.

14.     The same day, Plaintiff contacted Human Resources and requested an accommodation pursuant to her disability.

15.     Plaintiff submitted information from her physician to Defendant on August 20, 2025 which verified Plaintiff's disability and detailed Plaintiff's restrictions because of her disability.

16.     Defendant did not respond to Plaintiff's request for an accommodation pursuant to her disability.

17.     On August 31, 2025, Plaintiff received a phone call from a nurse on site at the Columbus hospice facility regarding the nurse's ability to perform a procedure the male medical director ordered. The procedure was outside the nurse's scope of practice.

18.     Plaintiff was aware she was on speakerphone with the patient's family in the room and advised the nurse she was very uncomfortable with the nurse performing such procedure.

19.     As soon as Plaintiff informed the room that she was uncomfortable with the nurse performing the procedure, the male medical director took over the conversation and the phone disconnected.

20.     The male medical director required the nurse to perform the procedure.

3

21.     On September 3, 2025, three other Clinical Supervisors were required to attend a meeting with Defendant's administration. Plaintiff was specifically instructed not to attend.

22.     On September 5, 2025, Defendant terminated Plaintiff's employment.

23.     The same male medical director previously instructed a male nurse to perform a similar procedure that was also outside the scope of the male nurse's practice area. The Clinical Supervisor on shift was also male.

24.     The male nurse performed the procedure outside his scope of practice.

25.     The male nurse was not disciplined or terminated.

26.     The male Clinical supervisor was not disciplined or terminated.

27.     Plaintiff was the only Clinical Supervisor that requested an accommodation pursuant to her disability.

28.     Prior to Plaintiff's termination, Plaintiff received good performance reviews and even received a leadership award in July 2025.

29.     Defendant's reasons for Plaintiff's termination are false.

### <u>COUNT I – DISABILITY DISCRIMINATION</u>
**ADA & Ohio Title 4112**

30.     Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

31.     The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112 and Ohio Title 4112.

32.     Plaintiff is disabled as defined by the ADA and Ohio Title 4112.

33.     Plaintiff was qualified with or without reasonable accommodation to perform the essential functions of her job.

4

34. By terminating Plaintiff and treating Plaintiff differently than her non-disabled coworkers, Defendant discriminated against Plaintiff on the basis of her disability.

35. Defendant's discriminatory actions were motivated by discriminatory animus toward Plaintiff's disability.

36. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

37. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

### COUNT II – REGARDED AS DISABILITY DISCRIMINATION
**ADA & Ohio Title 4112**

38. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

39. The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112 and Ohio Title 4112.

40. The ADA and Ohio Title 4112 prohibit employers from regarding employees as disabled.

41. Defendant perceived Plaintiff to be disabled because of Plaintiff's medical condition.

42. Plaintiff was qualified to perform her job with or without reasonable accommodation.

43.     Plaintiff suffered an adverse employment action.

44.     Defendant knew or had reason to know about the reason for Plaintiff's medical condition.

45.     Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

46.     As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled.

## COUNT III – FAILURE TO ACCOMMODATE
### ADA & Ohio Title 4112

47.     Plaintiff incorporates her allegations set forth in the preceding paragraphs above as if fully rewritten herein.

48.     The Americans with Disability Act ("ADA") requires employers to engage in the interactive process and offer reasonable accommodations for employees with disabilities. *See* 42 USC § 12112 and Ohio Title 4112.

49.     Plaintiff is a qualified individual with a disability.

50.     Defendant was aware of Plaintiff's disability.

51.     Defendant failed to reasonably accommodate Plaintiff's disability.

52.     Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's disability.

53.     Irrespective of the interactive process, Defendant failed to provide Plaintiff with a reasonable accommodation.

6

54. Defendant's failure to provide a reasonable accommodation has harmed Plaintiff.

55. Plaintiff's disability was the basis for Defendant's discriminatory treatment.

56. Accommodating Plaintiff's disability would not have resulted in an undue hardship on Defendant or its business because Defendant was able to accommodate Plaintiff.

57. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of the ADA and Ohio Title 4112.

58. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at arbitration.

## COUNT IV – SEX DISCRIMINATION
### Title VII & Ohio Title 4112

59. Plaintiff hereby incorporates all allegations set forth in the preceding paragraphs as if fully rewritten herein.

60. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

61. Plaintiff is a member of a protected class, female, and was qualified for the position.

62. Defendant terminated and failed to promote Plaintiff for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

63. By treating Plaintiff differently and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio

7

Title 4112.

64. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Kristen Aimutis-Smith prays that this Court award a judgment against Defendant Care360 Hospice, LLC on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 232-8692
Facsimile:     (614) 469-7170
Email: Erica@ksrlegal.com
           ASalvino@ksrlegal.com
*Counsel for Plaintiff*

8

**JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst

Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:    (614) 232-8692
Facsimile:    (614) 469-7170
Email: Erica@ksrlegal.com
          ASalvino@ksrlegal.com
*Counsel for Plaintiff*